IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Case No. 25-cr-072-APM |
| JOSEPH THOMPSON | * | |
| | * | |
| Defendant. | * | |

## MOTION FOR RECONSIDERATION OF ORDER OF DETENTION AND REQUEST FOR HEARING

Defendant Joseph Thompson, by and through counsel, Nicholas G. Madiou, and Brennan, McKenna & Lawlor, Chtd., respectfully moves pursuant to 18 U.S.C. § 3142(f) and *United States v. Salerno*, 481 U.S. 739, 755 (1987), to reopen the detention proceedings in this matter and to order his release pending trial subject to strict conditions of release. Mr. Thompson respectfully requests that the Court address this matter at the July 23, 2025 motions hearing.

1. On March 11, 2025, the Government filed a Criminal Complaint charging Mr. Thompson with unlawful possession of ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The offense at issue relates to the March 7, 2025 warrantless arrest of Mr. Thompson by MPD officers. On March 12, 2025, Mr. Thompson made his initial appearance before Judge Harvey. The Court scheduled a detention hearing, which was continued to allow prior counsel the

1

opportunity to prepare. On March 18, 2025, the Government filed an Indictment charging Mr. Thompson with unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). On March 19, 2025, Mr. Thompson appeared before Judge Faruqui for a detention hearing. At that proceeding, Judge Faruqui determined that it was appropriate to set conditions of release. Judge Faruqui issued proposed conditions of release but stayed the release order to permit the Government to file an appeal to this Court.

2. On March 28, 2025, Mr. Thompson appeared before this Court for a hearing on the Government's appeal of the release order. In advance of that hearing, the Government submitted two files containing body-worn camera footage. (ECF No. 17.) The Court granted the Government's request for detention and ordered Mr. Thompson detained pending trial. On May 14, 2025, the undersigned counsel entered his appearance as CJA counsel on behalf of Mr. Thompson. Shortly thereafter, the Government produced to the undersigned the full discovery file in this matter. On June 11, 2025, the parties appeared before the Court for a status conference. At that hearing, the Court set a motions schedule. On June 25, 2025, Mr. Thompson filed a Motion to Suppress. (ECF No. 21.) A motions hearing is set for July 23, 2025. At this time, Mr. Thompson respectfully requests that the Court

reconsider the Order of Detention and order his release pending trial subject to the conditions set forth by Judge Faruqui.

3. Under 18 U.S.C. § 3142(f), a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See also United States v. Dabney*, No. 20-cr-27 (KBJ), 2020 U.S. Dist. LEXIS 67127, at *3-4 (D.D.C. Apr. 13, 2020). The law presumes that a person facing federal criminal charges should be released pending trial. *United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.). Indeed, "[t]he default position of the law . . . is that a defendant should be released pending trial." *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) (Moss, J.) (citing *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)). Notably, this is *not* a case in which a presumption of detention applies.

4. "To justify detention on the basis of dangerousness, the government must prove by 'clear and convincing evidence' that 'no condition or combination of conditions will reasonably assure the safety of any other person and the

3

community.'" *United States v. Munchel*, 991 F.3d 1273, 1279–80 (D.C. Cir.), *judgment entered,* 844 F. App'x 373 (D.C. Cir. 2021) (citing 18 U.S.C. § 3142(f)). "[W]hen the government seeks pretrial detention of an individual on the ground that he poses a risk of flight, the standard it must satisfy is a preponderance of the evidence" *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996) (citation omitted). In evaluating whether the Government has met its burden, courts consider the factors found at 18 U.S.C. § 3142(g), which include: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; (3) "the history and characteristics" of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release."

5. Since the Court last considered Mr. Thompson's detention status on March 28, 2025, there has been a change in circumstances that supports ordering Mr. Thompson's release pending trial subject to the strict conditions set forth by Judge Faruqui. First, the weight of the Government's evidence of any purported dangerousness has markedly diminished. As far as counsel is aware, prior counsel did not have complete discovery in this case at the time of the March 28, 2025 hearing before this Court. The Government proffered to the Court that Mr. Thompson, before having been seized by law enforcement, tossed a firearm, thereby abandoning any Fourth Amendment interest in it. The undersigned counsel has now

4

entered his appearance and reviewed all of the body-worn camera footage, which *does not* show the alleged tossing of a firearm. Indeed, Mr. Thompson has now advanced meritorious and dispositive suppression arguments. Second, Mr. Thompson's wellbeing has deteriorated at the D.C. Jail, where he lives in unsanitary and inhumane conditions. In light of the fact that Mr. Thompson has advanced legitimate suppression arguments and given the conditions of his confinement, this Court should reconsider the Order of Detention. It bears noting that the conduct alleged in this case is nonviolent in nature. As the Court will see at the suppression hearing, Mr. Thompson was harassed and accosted by MPD members as he was going about his business. There is no allegation that Mr. Thompson used a firearm to threaten or harm another individual in this matter. The firearm at issue was not a machinegun. Mr. Thompson has deep ties to the community. He presented a fulsome release plan. The Government has failed to demonstrate that Mr. Thompson "presents an identified and articulable threat to an individual or the community[.]" *Munchel*, 991 F.3d at 1282. This Court should order Mr. Thompson's release pending trial.

6. For the reasons set forth above and those to be presented at the July 23 hearing, the Court should reconsider the Order of Detention and order Mr. Thompson's release pending trial subject to strict conditions.

Respectfully submitted,

/s/
_____
Nicholas G. Madiou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301.474.0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2025, a copy of the foregoing was sent to the United States Attorney's Office for the District of Columbia, via ECF.

/s/
_____
Nicholas G. Madiou