**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **v.** | ) | **Case No. 25-cr-00072 (APM)** |
| **JOSEPH MICHAEL THOMPSON,** | ) | |
| **Defendant.** | ) | |

# ORDER

Defendant Joseph Michael Thompson seeks to suppress both a gun recovered near the site of his arrest and any un-Mirandized post-arrest statements. *See* Def.'s Motion to Suppress, ECF No. 21 [hereafter Def.'s Mot.]. The court held an evidentiary hearing on March 5, 2026, *see* Hr'g Tr., ECF No. 40, after which the parties submitted supplemental briefs, *see* Def.'s Suppl. Mem. to Def.'s Mot., ECF No. 42 [hereinafter Def.'s Suppl.]; Gov't's Second Suppl. Mem. in Opp'n to Def.'s Mot., ECF No. 43 [hereinafter Gov't's 2d Suppl.]. For the reasons that follow, the court will suppress the statements but not the gun. The motion therefore is granted in part and denied in part.

It is well-established that "unprovoked," "[h]eadlong flight" in a "high crime area" provides reasonable, articulable suspicion to conduct a brief, investigatory stop. *Illinois v. Wardlow*, 528 U.S. 119, 124–26 (2000). The hearing in this matter established that, on the date and time of his arrest, Defendant was on a city block that is considered a high-crime area. Hr'g Tr. at 19:22–22:18, 50:4–53:8, 80:6–81:12. Lieutenant Vicki Steen testified credibly, based on her long experience as an officer in that very location, that in the prior six months police had made dozens of arrests for violent crime, drug trafficking, and gun possession within a one-block radius

of the place of Defendant's arrest, the 4600 block of Livingston Road, S.E. *See id.* at 19:22–22:18, 32:8–33:2. That number of arrests and the types of offenses made this, in her view, a "high-crime area." *Id.* at 52:2-9.

The evidence also established unprovoked, headlong flight. Investigator Guzman followed Defendant out of a store and, once outside, asked him, "How's it going man, everything good with you?" and then commented, in a neutral tone, "Your right side looks kind of heavy." Gov't Ex. 1 (17:46:29–17:46:45). A second officer, Investigator Davon Todd, also observed a heavy rectangular object in Defendant's right jacket pocket. Gov't Ex. 3 (17:46:43–17:46:46); Hr'g Tr. at 96:3–99:9. Defendant at first walked away from Guzman, but within seconds of Guzman's comment, he took flight. *Id.* After a short chase, officers seized him at the end of the block. Gov't Ex. 1 (17:46:45–17:46:53).

Defendant offers no caselaw to support his position that officers lacked reasonable, articulable suspicion to seize him based on his presence in a high-crime area; their observation of a heavy, rectangular object in his pocket; and his unprovoked flight. *See generally* Def.'s Suppl. Instead, he challenges that his flight was unprovoked: "he ran only after officers singled him out and commented that his pocket 'looked heavy,' which amounted to an implicit accusation that he was carrying a weapon." *Id.* at 8. But there was nothing improper about the officers commenting on the appearance of a heavy object in his pocket. *See Florida v. Bostick*, 501 U.S. 429, 434 (1991) ("[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions."); *United States v. May*, No. 98-3113, 1999 WL 1215651, at *3 (D.C. Cir. 1999) (holding the Fourth Amendment permits an officer to ask a driver if he has a gun). And doing so did not constitute the type of provocation that might render flight suspicionless. *See United States v. Taylor*, 743 F. Supp. 3d 168, 175 (D.D.C. 2024) (rejecting argument that flight was provoked

when there "is no evidence in the record suggesting that the officers' behavior—either while in the car or when opening the car doors—was antagonistic, aggressive, or otherwise threatening"); *United States v. Gorham*, 317 F. Supp. 3d 459, 463 (D.D.C. 2018) (finding no provocation where the "body-worn camera footage in this case reveals nothing unusual or aggressive about the approach of the police officers"); *see also United States v. Stubblefield*, 820 F.3d 445, 451 (D.C. Cir. 2016) (observing that the Supreme Court "str[uck] an explicit contrast between a person's 'right to ignore the police and go about his business' and 'unprovoked flight upon noticing the police'" (quoting *Wardlow*, 528 U.S. at 124–25)).

Defendant also contests the sufficiency of the evidence establishing the location of his arrest as a "high-crime" area. Def.'s Suppl. at 9. He argues that Lt. Steen's lack of familiarity with crime statistics from other parts of the city made it impossible to establish "any baseline for comparison" that would distinguish the 4600 block of Livingston Road, S.E. as a high-crime area. *See id.* Defendant, however, cites no case for the proposition that a long-time officer's own experience and knowledge about local crime patterns and statistics are inadequate to establish a high-crime area unless such testimony is supported by comparative statistical evidence. Caselaw is to the contrary. *See United States v. White*, 655 F.2d 1302, 1304 (D.C. Cir. 1981) (relying on officers' prior observations of drug-trafficking); *United States v. Brown*, 334 F.3d 1161, 1165 (D.C. Cir. 2003) (relying on officers' knowledge of prior violent crimes and drug activity); *Gorham*, 317 F. Supp. 3d at 465 (relying on officer testimony and crime statistics).

In sum, Defendant has not established that officers lacked reasonable, articulable suspicion to seize him. The court therefore denies his motion to suppress the gun.

The court, however, will suppress any un-Mirandized post-arrest statements made by Defendant. The government did not oppose that part of Defendant's motion, *see generally* Gov't's

Opp'n to Def.'s Mot., ECF No. 23; Gov't's Suppl. Mem. in Opp'n to Def.'s Mot., ECF No. 35; Gov't's 2d Suppl., and it did not present any evidence regarding the circumstances of any post-arrest statements at the evidentiary hearing, *see generally* Hr'g Tr. The court therefore grants as conceded Defendant's motion to suppress any un-Mirandized post-arrest statements.

Dated: April 1, 2026

Amit P. Mehta
United States District Judge