**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO.: 25-cr-72-APM** |
| **v.** | * | |
| **JOSEPH MICHAEL THOMPSON** | * | |
| **Defendant** | * | |

______________________________________/

**DEFENDANT'S SENTENCING GUIDELINES CALCULATION**

Defendant Joseph Thompson, through undersigned counsel, respectfully submits his calculation of the advisory Sentencing Guidelines pursuant to the Court's directive.

## I. Applicable Guideline

Mr. Thompson is charged in Count One with an offense in violation of 18 U.S.C. § 922(g)(1).

The applicable guideline is U.S.S.G. §2K2.1, which governs the unlawful receipt, possession, or transportation of firearms or ammunition and prohibited transactions involving firearms or ammunition.

## II. Base Offense Level

Based upon the information presently available, the defense calculates that Mr. Thompson sustained one prior felony conviction that qualifies as a crime of violence: attempted malicious wounding by mob in Arlington County Circuit Court Case No. CR16001009-00. The defense reserves the right to revise this calculation upon receipt and review of the judgment, charging document, plea materials, and other permissible records concerning the prior conviction.

**Accordingly, pursuant to U.S.S.G. §2K2.1(a)(4)(A), the applicable base offense level is 20.**

The Government also appears to allege that Mr. Thompson possessed a semiautomatic firearm capable of accepting a large-capacity magazine during the instant offense.

Under U.S.S.G. §2K2.1, Application Note 2, for purposes of §2K2.1(a)(1), (a)(3), and (a)(4), a "semiautomatic firearm that is capable of accepting a large capacity magazine" means a semiautomatic firearm that has the ability to fire many rounds without reloading because, at the time of the offense:

1. the firearm had attached to it a magazine or similar device capable of accepting more than fifteen rounds of ammunition; or

2. a magazine or similar device capable of accepting more than fifteen rounds of ammunition was in close proximity to the firearm.

In this case, law enforcement recovered a black Glock 21, .45-caliber semiautomatic pistol. The firearm contained one round in the chamber and thirteen additional rounds in a magazine with a maximum capacity of thirteen rounds.

Accordingly, the firearm does not meet the Guidelines' definition of a "semiautomatic firearm that is capable of accepting a large capacity magazine" because the attached magazine could hold only thirteen rounds, fewer than the more-than-fifteen-round capacity required by the Guidelines.

The Government also appears to allege that Mr. Thompson has two prior scoreable criminal convictions that qualify as either crimes of violence or controlled substance offenses. The defense respectfully disagrees.

According to the Pre-Plea Investigation Report prepared by the United States Probation Office, Mr. Thompson was convicted of a drug-possession offense, rather than drug distribution,

in Arlington County Circuit Court Case No. CR20000838-00. A drug-possession offense does not qualify as a controlled substance offense under U.S.S.G. §4B1.2(b).

Mr. Thompson's prior conviction for assault and battery in Arlington County Juvenile and Domestic Relations District Court Case No. JA02449904-00 also does not qualify as a crime of violence. The conviction was for a Virginia Class 1 misdemeanor, as reflected by the pronounced sentence of twelve months' imprisonment. The statutory maximum sentence for a Virginia Class 1 misdemeanor is twelve months.

Under U.S.S.G. §4B1.2(a), an offense must be punishable by imprisonment for a term exceeding one year to qualify as a crime of violence. Because the statutory maximum sentence for the offense was twelve months, the conviction does not qualify as a crime of violence.

Mr. Thompson therefore has one, rather than two, qualifying prior felony convictions for purposes of U.S.S.G. §2K2.1.

**Base Offense Level: 20**

## III. Specific Offense Characteristics and Chapter Three Adjustments

| Guideline Determination | Adjustment |
|---|---|
| Base offense level under U.S.S.G. §2K2.1(a)(4)(A) | 20 |
| Specific offense characteristics | 0 |
| Victim-related adjustments | 0 |
| Adjustment for role in the offense | 0 |
| Adjustment for obstruction of justice | 0 |
| **Adjusted Offense Level** | **20** |

## IV. Acceptance of Responsibility

Mr. Thompson fully accepts responsibility for his actions and intends to plead guilty to Count One. He is therefore entitled to a two-level reduction for acceptance of responsibility

pursuant to U.S.S.G. §3E1.1(a).

Mr. Thompson also timely notified the Government of his intention to plead guilty, thereby permitting the Government to avoid preparing for trial and allowing the Government and the Court to allocate their resources efficiently. The defense therefore anticipates that the Government will move for an additional one-level reduction pursuant to U.S.S.G. §3E1.1(b).

Upon the Government's motion, the total adjustment for acceptance of responsibility is:

**Adjustment for Acceptance of Responsibility: −3**

The defense preserves its position concerning the additional one-level reduction under U.S.S.G. §3E1.1(b).

## V. Chapter Four Enhancements

There are no applicable Chapter Four enhancements.

**Chapter Four Enhancements: 0**

## VI. Total Offense Level

Assuming the Government moves for the additional one-level reduction under U.S.S.G. §3E1.1(b), the defense calculates Mr. Thompson's Total Offense Level as follows:

| Calculation | Offense Level |
|---|---|
| Adjusted Offense Level | 20 |
| Acceptance of Responsibility under U.S.S.G. §3E1.1(a) and (b) | −3 |
| **Total Offense Level** | **17** |

## VII. Criminal History

According to the Pre-Plea Investigation Report, Mr. Thompson's prior convictions result in a total of six criminal-history points and a Criminal History Category of III.

### VIII. Advisory Guidelines Range

Based upon a Total Offense Level of 17 and a Criminal History Category of III, the applicable advisory Sentencing Guidelines range is: **30 to 37 months of imprisonment.**

## CONCLUSION

Based upon the information presently available, and assuming the Government moves for the additional one-level reduction under U.S.S.G. §3E1.1(b), the defense respectfully submits the following advisory Sentencing Guidelines calculation:

**Total Offense Level:** 17
**Criminal History Category:** III
**Advisory Guidelines Range:** 30 to 37 months of imprisonment

The defense reserves the right to supplement or amend its calculation upon receipt and review of the Presentence Investigation Report, the records relating to Mr. Thompson's prior convictions, or other relevant information.

Respectfully submitted,

/s/ Wole O. Falodun

Wole O. Falodun (#976572)
8850 Stanford Blvd., Ste 2900
Columbia, MD 21045
Tel: (301) 289-7737
Fax: (301) 337-7822
Email: wole@falodunlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, I electronically filed the foregoing Defendant's Sentencing Guidelines Calculation through the Court's CM/ECF system, which will provide notice to the Government.

/s/ Wole O. Falodun

Wole O. Falodun